UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RONALD L. WEAVER,                )
                                 )
         Petitioner,             )
                                 )    CAUSE NO. 3:17CV60-PPS
    vs.                          )
                                 )
SUPERINTENDENT,                  )
                                 )
         Respondent.             )

## OPINION AND ORDER

Ronald L. Weaver, a *pro se* prisoner, filed a habeas corpus petition challenging his guilty plea and the 40-year sentence for manufacturing methamphetamine entered on June 14, 2012, by the Elkhart Superior Court under cause number 20D03-0906-FA-32. Because habeas corpus petitions are subject to a strict one-year statute of limitations, this petition is untimely.

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Weaver pleaded guilty and was sentenced on June 14, 2012, and did not take a direct appeal. The deadline for doing so expired on July 16, 2012. *See* Indiana Rules of Appellate Procedure 9.A.(1) and 25.A. In the absence of any state post-conviction proceedings, the first day of the federal 1-year period of limitation began on July 17, 2012, and expired a year later on July 17, 2013. Weaver later filed an Indiana post-conviction relief petition on October 15, 2013. Had he filed that petition on or before July 17, 2013, it would have tolled the 1-year period of limitation. *See* 28 U.S.C. § 2244(d)(2). Because it was filed after the expiration of the federal limitations period, it had no such effect.

On Weaver's form habeas petition, in response to question 16 asking him to explain why the petition is timely (which includes the text of the statute quoted above), Weaver wrote, "State Post Conviction Appeal was exhausted December 15, 2016, beginning limitation." (DE 1 at 5.) But the state post-conviction proceedings began too late to toll the federal period. Contrary to Weaver's belief, once the federal deadline expired, filing the Indiana post-conviction relief petition late did not "restart" the

federal clock, nor did it "open a new window for federal collateral review." *De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009).

Nothing in Weaver's response – nor anything else in the petition – indicates that State action impeded him from filing his petition sooner or that his claims are based on a newly recognized constitutional right or newly discovered facts. Therefore the 1-year federal period of limitation began on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" pursuant to 28 U.S.C. § 2244(d)(1)(A). Because this habeas corpus petition is untimely, it must be dismissed. Though this might seem harsh, even petitions that are one day late are time-barred.

> Foreclosing litigants from bringing their claim because they missed the filing deadline by one day may seem harsh, but courts have to draw lines somewhere, statutes of limitation protect important social interests, and limitation periods work both ways – you can be sure [the petitioner] would not be pooh-poohing the prosecution's tardiness if [he] had been indicted one day after the statute of limitations expired for [his] crimes.

*United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000) (citation omitted). *See also Simms v. Acevedo*, 595 F.3d 774 (7th Cir. 2010).

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the court must consider whether to grant a certificate of appealability. When the court dismisses a petition on procedural grounds, the determination of whether a certificate of appealability should issue has two components. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). First, the petitioner must show that reasonable jurists would find it debatable

3

whether the court was correct in its procedural ruling. *Id*. at 484. If the petitioner meets that requirement, then he must show that reasonable jurists would find it debatable whether the petition states a valid claim for the denial of a constitutional right. *Id*. As previously explained, this petition is untimely. Because there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling or find a reason to encourage him to proceed further, a certificate of appealability must be denied. For the same reasons, he may not appeal *in forma pauperis* because an appeal could not be taken in good faith.

For these reasons, the court:

(1) **DISMISSES** the petition pursuant to Habeas Corpus Rule 4 because it is untimely;

(2) **DENIES** a certificate of appealability;

(3) **DENIES** leave to proceed on appeal in forma pauperis pursuant to 28 U.S.C. § 1915(a)(3) because an appeal in this case could not be taken in good faith; and

(4) **DIRECTS** the clerk to close this case.

**SO ORDERED**.

ENTERED: January 26, 2017

    /s/ Philip P. Simon
Chief Judge
United States District Court